UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Donald Robin Barren,<br><br>                    Plaintiff(s),<br>vs.<br><br>The State of Nevada, et al.,<br><br>                    Defendant(s). | Case No. 2:23-cv-00792-APG-MDC<br><br>**ORDER DENYING PLAINTIFF'S DISCOVERY MOTION (ECF NO. 46) AND GRANTING DEFENDANTS' MOTION TO EXTEND TIME (ECF NO. 49)** |

Pro se plaintiff Donald Robin Barren filed a *Discovery Motion* (ECF No. 46), and the defendants filed a *Motion to Extend Time* (ECF No. 46). The Court DENIES plaintiff's Discovery Motion (ECF No. 46) and GRANTS the defendants' Motion to Extend Time (ECF No. 49) nunc pro tunc.

I.   BACKGROUND

This is a prisoner civil rights case. *See Screening Order at ECF No. 13*. Plaintiff argues in his Discovery Motion that he needs various documents for discovery. *ECF No. 46*. Defendants argue in their response that plaintiff did not send out discovery requests, but the defendants reached out to plaintiff to determine what documents he needed. *ECF No. 55 at 2*. The defendants represent that they have now provided all the documents he requested, as a courtesy to him. *Id.* Plaintiff did not refile a reply or otherwise rebut the defendants' representation. The defendants also argue that the Discovery Motion should be denied because (1) plaintiff did not include points and authorities, (2) he did not attach a declaration setting forth the efforts he took to conduct a meet-and-confer prior to the filing of a discovery motion, and (3) he did not provide the actual discovery requests (as there apparently were none). *Id*.

The defendants argue in the Motion to Extend Time for an additional fourteen days to respond to

plaintiff's Discovery Motion. *ECF No. 49*. Plaintiff did not file a response to the defendants' Motion to Extend Time. The defendants filed their response to plaintiff's Discovery Motion fourteen days after the original due date. *ECF No. 55*.

## II.     DISCUSSION

### A.  Legal Standard

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). While pro se litigants act without attorneys, they nevertheless remain obligated to follow the same rules as represented parties. See *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (per curiam); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.")). Self-representation is not an excuse for noncompliance with the court's rules and orders. See *Swimmer v. I.R.S.*, 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted)). Federal Rule of Civil Procedure 6(b)(1) provides that the court may, for good cause, extend a deadline if the party requests the extension before the original deadline expires.

LR 7-2(a) provides that all motions must be supported by a memorandum of points and authorities. Pursuant to Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request. LR 26-6(c).

//

### B. Analysis

Plaintiff asks the Court to compel discovery responses, but plaintiff does not include the text of the discovery requests (it appears he never sent out discovery requests) and he does not provide points and authorities in support of his Discovery Motion. *ECF No. 46*. Plaintiff also did not show that he met and conferred with the defendants prior to filing the Discovery Motion, though the defendants represent that they met and conferred with plaintiff after he filed it. The Court thus denies plaintiff's Discovery Motion. Plaintiff will not be prejudiced, because the defendants represent that they have already provided the documents that plaintiff sought as a courtesy to him and he did not rebut that representation.

The Court also grants defendants' Motion to Extend Time as the plaintiff did not oppose it, and thus consented to it. The Court also grants the Motion to Extend Time on the merits as the defendants (1) sought the extension before the deadline expired and (2) represent that they were hindered by a state-wide outage, which constitutes good cause.

**IT IS ORDERED** that:

1. Plaintiff's *Discovery Motion* (ECF No. 46) is DENIED.

2. Defendants' *Motion to Extend Time* (ECF No. 49) is GRANTED nunc pro tunc.

IT IS SO ORDERED.

Dated October 6, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and

recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.