# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DONALD ROBIN BARREN,

Plaintiff

v.

THE STATE OF NEVADA EX REL, et al.,

Defendants

Case No.: 2:23-cv-00792-APG-MDC

**Order (1) Denying Plaintiff's Motion for Judgment on the Pleadings, (2) Denying Plaintiff's Motion for Interpleader, (3) Granting Defendants' Motion for Summary Judgment, and (4) Dismissing Defendant Williams**

[ECF Nos. 47, 48, 59]

Donald Robin Barren was an inmate at Three Lakes Valley Conservation Camp (TLVCC) during the events at issue in this case. He sues Diane Hernandez, Kimberly McCoy, Tim Carlson, and Officer L. Williams for allegedly raising his risk score and transferring him to Southern Desert Correctional Center (SDCC) after he filed grievances against them. After screening the claims under the Prison Litigation Reform Act (PLRA), one claim remains for Fourteenth Amendment equal protection. ECF No. 33 at 13. Barren moves for judgment on the pleadings and interpleader. ECF Nos. 47; 48. The defendants move for summary judgment. ECF No. 59.

I deny Barren's motion for judgment on the pleadings because I take the defendants' denial of the allegations as true and therefore cannot grant judgment as a matter of law in Barren's favor. I construe Barren's motion for interpleader as a motion for an injunction and deny it as moot because Barren has been granted parole. I grant the defendants' motion for summary judgment because Barren's claim is barred by the statute of limitations. Finally, I dismiss all claims against Officer L. Williams because Barren did not serve him under Federal Rule of Civil Procedure 4 and has failed to prosecute his claim against Williams.

## I.    BACKGROUND

Barren claims that he filed grievances against the defendants, and in retaliation they increased his risk score from 5 to 9 points and transferred him from a low-security facility (TLVCC) to a medium-security facility (SDCC). ECF No. 47 at 1-2.  He does not explain why he filed grievances against the defendants.

The defendants state that the Offender Management Division (OMD) transferred Barren because his risk score increased after he committed two violations of prison policy. ECF No. 59-4 at 3.  First, Barren was found guilty of stealing cleaning supplies. ECF No. 59-3 at 3.  Second, Barren was found guilty of misusing supplies because he did not remove his durag after being repeatedly told to do so. *Id.* at 2-3.  According to Donald Southworth, Chief of the OMD, an "offender's risk score can be increased based on guilty findings of prison regulations." ECF No. 59-4 at 3.  Accordingly, the prison raised Barren's risk score from 3 to 15 points, and the OMD transferred him to SDCC in May 2020. ECF Nos. 59-2 at 3; 59-4 at 3.[1]  Barren filed this suit in May 2023. ECF No. 1.

## II.    I DENY BARREN'S MOTION FOR JUDGMENT ON THE PLEADINGS.

A party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "[a]fter the pleadings are closed[,] but early enough not to delay trial." Fed. R. Civ. P. 12(c).  "[A] Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion," so "the same standard of review applies to motions brought under either rule." *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (simplified).  A "judgment on the pleadings is proper

---

[1] Barren was found guilty of the second violation in June 2020 after he had already been transferred in May 2020. ECF Nos. 59-2 at 3; 59-3 at 2-3.  It is not clear how a subsequent guilty finding could have justified an already completed transfer.  But it appears that the first violation was sufficient to transfer Barren because "Institutional Transfer" was listed as a sanction for that violation. ECF No. 59-3 at 3.  My decision does not turn on this uncertainty.

2

when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (quotation omitted).

Barren moves for judgment on the pleadings, stating that the defendants colluded to raise his risk score and transfer him to SDCC due to his submission of grievances. He contends that "the defendants['] actions w[ere] carried out with the intent and purpose to discrim[]inate against him based on his submission of grievances. Thus[,] the defendants purposefully treated the Plaintiff differently than other minimum custody inmates without any rational basis for their dispar[ity]." ECF No. 47 at 4. The defendants denied Barren's allegations of the equal protection claim in their answer. ECF No. 42 at 4. The defendants are the non-moving party, and I must take their denials as true. Therefore, I cannot grant judgment as a matter of law in Barren's favor.

Barren also argues that the defendants did not disclose his grievances or his appeal of his theft charge in their initial disclosures. Federal Rule of Civil Procedure 37(c) allows me to enter sanctions against a party that fails to disclose information. However, case-terminating sanctions require the moving party to meet a high standard. "Only willfulness, bad faith, and fault justify terminating sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quotation omitted). To the extent that Barren is seeking default judgment based on the defendants' failure to comply with discovery requirements, he has provided no evidence that the defendants willfully did not disclose the materials he sought, that they are at fault, or that they acted in bad faith. Therefore, I do not enter default judgment in his favor on this basis either.

/ / / /

3

## III.    I DENY BARREN'S MOTION FOR INTERPLEADER.

Barren moves for interpleader under Federal Rule of Civil Procedure 22.  Rule 22 states, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."  Barren does not explain what other parties expose him to double or multiple liability and therefore should be joined as defendants.  Instead, he states that he is being "unlawfully held past his release date" set by the parole board. ECF No. 48 at 1.  I therefore construe Barren's motion as a request for an injunction to release him on parole.

The defendants state, and Barren does not contest, that Barren was released on parole in September 2025. ECF No. 57 at 2.  Because Barren has already been granted parole, I deny his motion as moot.[2]

## IV.    I GRANT THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The

---

[2] Additionally, an injunction forcing the prison to comply with a parole schedule is outside the scope of Barren's complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (stating "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint").

4

burden then shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quotation omitted).

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions." *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017) (quotation omitted).  Nevada has a two-year limitation period for personal injury actions. Nev. Rev. Stat. § 11.190(4)(e).  "Federal law, however, governs when civil rights claims accrue." *Klein*, 865 F.3d at 1278.  "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (quotation omitted).

Barren alleges that he was transferred to SDCC due to the defendants raising his risk score because he filed grievances against them.  Therefore, he knew or should have known of his injury on the date of his transfer: May 6, 2020.  Barren did not file suit until May 22, 2023, over three years after his transfer. ECF No. 1.  And Barren does not reply to the defendants' argument that the limitation period had passed.  Barren's suit is thus time-barred, and I grant the defendants' motion for summary judgment on this basis.  I therefore need not address the defendants' arguments regarding qualified immunity or failure to exhaust administrative remedies.

**V.  I DISMISS ALL CLAIMS AGAINST DEFENDANT WILLIAMS FOR LACK OF SERVICE.**

The Nevada Attorney General's Office did not accept service on behalf of Officer L. Williams because they could not identify him based on the allegations in Barren's complaint. ECF No. 40 at 2. Barren did not make any further attempts to serve Williams even though over a year has passed since the Attorney General declined to accept service. Because Barren did not serve Williams under Rule 4 and has failed to prosecute his case against Williams, I dismiss all claims against Williams.[3]

**VI.  CONCLUSION**

I THEREFORE ORDER that Donald Robin Barren's motion for judgment on the pleadings **(ECF No. 47) is DENIED**.

I FURTHER ORDER that Donald Robin Barren's motion for interpleader **(ECF No. 48) is DENIED**.

I FURTHER ORDER that the defendants' motion for summary judgment **(ECF No. 59) is GRANTED**.

I FURTHER ORDER that all claims against defendant Williams are dismissed for lack of service.

I FUTHER ORDER the clerk of court to enter judgment in favor of the defendants on all claims and to close this case.

DATED this 22nd day of April, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Because Barren's claim against Williams is based on the same facts, it would be untimely even if he was given more time to accomplish service.

6